UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 03-257 |
| RONNIE WILLIAMS | SECTION: "K"(1) |

## ORDER

Before the Court is Defendant Ronnie Williams' Motion for Reduction of Sentence (Rec. Doc. 1345). The Federal Public Defender's Office has supplemented Mr. Williams' *pro se* motion (Rec. Doc. 1407). Having considered his motion and the supplemental brief, this Court will deny the Defendant's motion.

Defendant pleaded guilty on August 12, 2004, to Counts 1 and 6 of the Third Superseding Indictment. (Rec. Doc. 706). Count 1 alleged Defendant's participation in a conspiracy to possess with intent to distribute fifty grams or more of cocaine base ("crack") in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and Count 6 charged him with use of a communication facility to commit possession with intent to distribute cocaine base in violation of 21 U.S.C. § 843(b). His sentencing guidelines range was 360 months to life imprisonment. However, the Defendant was sentenced to a stipulated sentence of 192 months pursuant to a Rule 11(c)(1)(C) agreement.[1] (Rec. Doc. 705).

---

[1] Rule 11(c)(1)(C) was formerly Rule 11(e)(1)(C).

1

Defendant herein seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c). That section provides that a court "may not modify a term of imprisonment once it has been imposed except":

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Defendant seeks a reduction in sentence pursuant to Amendment 706 to the Sentencing Guidelines, which became retroactive on March 3, 2008. This amendment provides for a two-level reduction in the base offense level for crack cocaine-related offenses. U.S.S.G. App. C, Amend. 706; *see United States v. Williams*, --- F.3d ----, 2009 WL 2371266, at *1 (10th Cir. 2009). Defendant contends that he should receive a corresponding reduction of his sentenced in light of the amendments to the crack cocaine guidelines. A proportionate reduction of his sentence would result in a sentence of approximately 170 months.

This Court will deny this motion for the following reasons. First, it is clear that the Defendant has already received a substantially lower sentence than he would have otherwise received had he not agreed to a Rule 11(c)(1)(C) plea. His modified sentencing range under the guidelines would be 324-405 months, significantly higher than his current sentence of 192 months. Second, most coordinate courts and courts of appeal that have held that Rule 11(c)(1)(C) sentences are not subject to the guidelines, and therefore they are not impacted by any modification to the guidelines. *See United States v. Sanchez*, 562 F.3d 275, 280-81 (3d Cir.

2009); *United States v. Scurlark*, 560 F.3d 839, 841-43 (8th Cir. 2009); *United States v. Bundy*, 613 F. Supp. 2d 35, 38 (D.D.C. 2009) (collecting cases). The Fifth Circuit has previously endorsed this position, albeit in an unpublished opinion. *See United States v. Brown*, 71 Fed. App'x 383, 384 (5th Cir. 2003). In the context of a sentence reduction pursuant to Amendment 706, this Court has taken a similar view, coincidentally when considering a motion filed by one of this Defendant's co-defendants. *United States v. Harris*, Crim. A. No. 03-257, 2009 WL 159288, at *1 (E.D. La. Jan. 22, 2009). Only the U.S. Fourth Circuit has held a contrary view, *see United States v. Dews*, 551 F.3d 204, 205 (2008); however, a rehearing *en banc* was granted in that case on February 20, 2009. The Court will follow the vast majority of courts that have considered the issue and hold that a Rule 11(c)(1)(C) sentence may not be modified under 18 U.S.C. § 3582(c)(2).

Defendant lastly argues that his sentence could be reduced if this Court considered the relevant guidelines before sentencing him, thus making the Rule 11 sentence a *de facto* guidelines sentence. Scant authority is available in support of this argument. *See United States v. Coleman*, 594 F. Supp. 2d 164, 166 (D. Mass. 2009) (finding that a court likely would have no authority to modify a Rule 11(c)(1)(C) sentence even if the plea agreement set forth a sentencing range rather than a specific sentence). Nonetheless, this Court's review of the sentencing transcript does not suggest that this Rule 11 sentence was based upon any guidelines calculation, and therefore this Court will not modify the Rule 11(c)(1)(C) stipulated sentence.[2]

---

[2]*See* Sentencing Transcript, Mar. 1, 2005 (Rec. Doc. 875). The Court nor the parties evidently agreed on the 192 month term through a guidelines calculation. In approving the Rule 11 sentence, the Court evaluated the totality of the circumstances and determined that the sentence was, on a whole, "reasonable."

Finally, the Court notes that even presuming that it had the authority to modify Defendant's sentence, it would not be persuaded to do so. His sentence of 192 months is already significantly below his "modified" range of 324-405 months, and there is no adequate reason why his sentence should be lowered further. The Court has reviewed Defendant's motion and finds none of his other arguments for a sentence reduction to be persuasive. Accordingly,

**IT IS ORDERED** that Defendant Ronnie Williams' Motion for Reduction of Sentence (Rec. Doc. 1345) is **DENIED.**

New Orleans, Louisiana, this __7th__ day of August, 2009.

_____
**STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE**