UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                CRIMINAL ACTION

VERSUS                                  NO: 03-257

RONNIE WILLIAMS                         SECTION: J(1)

**ORDER AND REASONS**

Before the Court is a *Motion to Correct Sentence under 28 U.S.C. § 2255* **(Rec. Doc. 1585)** filed by the defendant Ronnie Williams. Williams filed a supplemental memorandum in support of the motion (Rec. Doc. 1614), the government filed an opposition (Rec. Doc. 1622), and Williams filed a reply (Rec. Doc. 1625). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

**BACKGROUND AND DISCUSSION**

In August 2004, Williams pleaded guilty in this Court to one count of conspiracy to possess with the intent to distribute fifty grams or more of cocaine base and one count of using a communication facility in committing possession with the intent to distribute.[1] The plea agreement was made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) and the parties stipulated to a

---
[1] Rec. Doc. 705.

1

sentence of 192 months imprisonment. On November 18, 2004, the Court accepted the plea agreement and sentenced Williams as stipulated in the plea agreement. (Rec. Doc. 875 at 10.) The Court imposed this sentence despite the fact that Williams' presentence investigative report determined that he was subject to the career offender enhancement of U.S.S.G. §§ 4B1.1 and 4B1.2 and set the sentencing guideline range from 360 months to life imprisonment.[2] At the time of Williams' sentencing, the sentencing guidelines were mandatory and it was not until the Supreme Court's ruling in *United States v. Booker*, 543 U.S. 220 (2005), that the guidelines became advisory.

On June 26, 2015, the Supreme Court issued its opinion in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which struck down the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924 (e)(2)(B)(ii) ("ACCA"). Under the ACCA, a defendant is subject to an increased prison term if he or she had three previous convictions of a "serious drug offense" or "violent felony." *Johnson*, 135 S. Ct. at 2555; 18 U.S.C. § 924(e)(1). The ACCA provides a definition of violent felony and enumerates certain crimes that so qualify. That definition also includes a residual clause, which allows a crime to satisfy the definition of violent felony if it is punishable by more than a year and "involves

---

[2] See Rec. Doc. 1589 at 2. This range corresponds to an offense level 38 and a criminal history category VI. *Id*.

conduct that presents a serious potential risk of physical injury to another." *Id*. The *Johnson* Court deemed the residual clause void for vagueness. *Id*. In *Welsh v. United States*, 136 S. Ct. 1257 (2016), the Court then made the rule in *Johnson* retroactive.

On June 23, 2016, Williams filed the instant motion to correct his sentence pursuant to 28 U.S.C. § 2255. Williams argues that based on the Court's holding in *Johnson*, the residual clause of U.S.S.G. § 4B1.2(a)(2) is void for vagueness. Williams received an enhancement under § 4B1.1 of the sentencing guidelines as a "career offender." According to his pre-sentence report, Williams qualified as a career offender because he had been convicted of two previous "crimes of violence" as defined in § 4B1.2. However, the definition of "crime of violence" includes a residual clause that is identical to the residual clause in the ACCA, which the *Johnson* Court held to be unconstitutionally vague.[3] Williams argues that the rule espoused in *Johnson* applies to the enhancement he received to the mandatory guideline range in his case.

---

[3] At the time Williams was sentenced, U.S.S.G. § 4B1.2(a) provided:

   a. The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
      1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
      2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

U.S.S.G. § 4B1.2(a) (2004) (emphasis added). The italicized portion is the residual clause, and it is identical to the residual clause in the ACCA.

3

On March 6, 2017, The Supreme Court ruled that the residual clause found in U.S.S.G. § 4B1.2(a)(2) is not subject to a vagueness challenge because the sentencing guidelines are advisory and "do not fix the permissible range of sentences." *Beckles v. United States*, 137 S. Ct. 886, 892 (2017). Williams argues that *Beckles* is distinguishable because the enhancement to his guideline range occurred at a time when the guideline range was mandatory. Thus, Williams argues that the rule set out in *Johnson*, and not *Beckles*, applies to his case.

The government opposes Williams' § 2255 motion, arguing that it is not timely. Section 2255)(f) sets forth a one year period of limitation within which time the motion must be brought. To be timely, the movant must bring the motion within a year of the latest of the following events:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made

retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2255(f)(1)-(4). Williams argues that his motion satisfied this timeliness requirement under § 2255(f)(3) because it was filed within one year of *Johnson*.

Many district courts, including this one, have considered whether *Johnson* recognized a new right for movants in § 2255 motions who received sentencing enhancements when the sentencing guidelines were mandatory. *See, e.g., United States v. London*, No. CR 96-104, 2017 WL 3393989, at *5 (E.D. La. Aug. 8, 2017) (Lemelle, J.) (holding that *Johnson* did not recognize a new right that entitled the petitioner to relief); *United States v. Brigman*, No. 03-20090-01-JWL, 2017 WL 3267674, at *2 (D. Kan. Aug. 1, 2017) (collecting cases); *but see Reid v. United States*, No. 03-CR-30031-MAP, 2017 WL 2221188, at *5 (D. Mass. May 18, 2017) (granting a motion to correct sentence without specifically addressing §2255(f)). Nearly all of these courts have found that *Johnson* "did not directly recognize a right to modify a sentence increased under the residual clause of U.S.S.G. § 4B1.2 before *Booker*." *Miller v. United States*, No. 2:16CV589DAK, 2017 WL 2937949, at *3 (D. Utah July 10, 2017); *United States v. Autrey*, No. 1:16-CV-788,

2017 WL 2646287, at *4 (E.D. Va. June 19, 2017) ("To conclude here that *Johnson* extends to and invalidates § 4B1.2's residual clause is to recognize a "new" rule—something that only the Supreme Court may do in this context.") The only circuit court to have addressed the question, the Sixth Circuit, reached the same conclusion. *Raybon v. United States*, No. 16-2522, 2017 WL 3470389, at *2 (6th Cir. Aug. 14, 2017). It noted that the rule in *Johnson* "did not extend to other legal authorities such as the Sentencing Guidelines." *Id*. (quoting *Mitchell v. United States*, No. 3:00-CR-00014, 2017 WL 2275092, at *4 (W.D. Va. May 24, 2017)).

Whether the rule in *Johnson* is applicable to the mandatory sentencing guidelines is, as the Sixth Circuit recognized, an "open question." *Rayborn*, 2017 WL 3470389, at *2. Justice Sotomayor underscored this point in her concurring opinion in *Beckles*, when she stated the following: "The Court's adherence to the formalistic distinction between mandatory and advisory rules at least leaves open the question whether defendants sentenced to terms of imprisonment before our decision in [*Booker*] . . . may mount vagueness attacks on their sentences." *Beckles*, 137 S. Ct. at 903 n.4 (Sotomayor, J., concurring). To date, the clearest directive in this circuit comes from a pre-*Beckles* opinion issued by the Fifth Circuit. In *In re Arnick*, the Fifth Circuit denied a defendant's motion for authorization to file a successive § 2255 motion based on "the new rule of constitutional law" identified in

*Johnson*. 826 F.3d 787, 788 (5th Cir. 2016). The defendant's sentencing guidelines in *In re Arnick* were based in part on the residual clause found in the sentencing guidelines. The court denied the defendant's motion, noting that "*Johnson* did not address Section 4B1.2(a)(2) of the Guidelines." *Id*.

For the foregoing reasons, the Court finds that Williams' motion is not timely under § 2255(f)(3). That statute requires that "the Supreme Court—not this court—must provide the initial recognition of the new rule." *Hodges v. United States*, No. C16-1521JLR, 2017 WL 1652967, at *2 (W.D. Wash. May 2, 2017). While it is possible for the Supreme Court to "decide that the Guidelines as they were applied prior to *Booker* are subject to a vagueness challenge based on the Court's analysis in *Johnson*," it has not yet done so. *Id.* Therefore, the motion does not satisfy § 2255(f)(3) and is untimely.

## CONCLUSION

Accordingly,

**IT IS ORDERED** that Williams' *Motion to Correct Sentence under 28 U.S.C. § 2255* **(Rec. Doc. 1585)** is **DENIED**.

**IT IS ORDERED** that the *Motion for a Proposed Briefing Schedule* **(Rec. Doc. 1588)** is **DENIED as MOOT**.

New Orleans, Louisiana this 5th day of September, 2017.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE